IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

MARYROSE RAEGEN O/B/O THERESA )
SYZONENKO (DECEASED), )
                                              )
              Plaintiff, )            3:13-CV-00090-JO
                                              )
   v. )
                                              )            OPINION AND ORDER
CAROLYN W. COLVIN, Acting Commissioner of )
Social Security, )
                                              )
             Defendant.

JONES, J.,

Plaintiff MaryRose Raegen, brought this appeal on behalf of her deceased sister, Theresa Syzonenko. The Commissioner denied in part Syzonenko's application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

**PRIOR PROCEEDINGS**

Syzonenko alleged disability beginning December 1, 2004 due to bipolar disorder. Admin. R. 11, 96, 118. The ALJ applied the sequential disability determination process described in 20 C.F.R. section 404.1520. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). He found that Syzonenko's ability to work was adversely affected by bipolar disorder, anxiety disorder, and

-1- OPINION AND ORDER

diabetes. Admin. R. 13. He found that, despite her impairments, Syzonenko retained the residual functional capacity to perform light work limited to simple, routine, repetitive tasks. Admin. R. 14. The ALJ relied on testimony from a vocational expert ("VE") who said that numerous jobs exist in the national economy that a person with Syzonenko's RFC could perform. Admin. R. 18, 65-66. The ALJ concluded that Syzonenko was not disabled within the meaning of the Social Security Act. Admin. R. 18-19.

Syzonenko appealed that decision to the district court, but died from cancer unrelated to her allegations of disability while the appeal was pending. Admin. R. 498. In that appeal, Judge Brown reversed and remanded the decision for further administrative proceedings in which the ALJ was to reevaluate certain evidence, including the lay witness statement of Rick Edmunds, a manager of the Safeway grocery store where Syzonenko worked as a courtesy clerk. Admin. R. 580, 582, 585.

On remand, the ALJ received additional evidence, conducted a second administrative hearing, and issued a new decision. The ALJ found that Syzonenko's ability to work was adversely affected by bipolar disorder, anxiety disorder, diabetes, and, beginning in 2008, anemia. Admin. R. 501. The ALJ found no basis to alter his previous RFC determination with respect to the period before November 1, 2008. He found that beginning on that date, Syzonenko's fatigue became so profound as that she was unable to work more than four hours per day. Admin. R. 508. For the period before November 2008, the ALJ relied on the VE's testimony from the first hearing and concluded that Syzonenko was not disabled at that time. Admin. R. 509-10. He found that Syzonenko became disabled on November 1, 2008, and remained disabled until her death. Admin. R. 511.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under this standard, the Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson*, 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## DISCUSSION

### I. Claims of Error

The relevant period for Raegen's appeal runs from the alleged onset of disability in December 2004 until the onset of disability determined in the ALJ's decision after remand, November 1, 2008. Raegen contends that, with respect to the relevant period, the ALJ failed to assess Syzonenko's RFC accurately because he improperly discounted Raegen's statements and those of Rick Edmunds regarding the nature of Syzonenko's employment at the grocery store. Raegen also contends the ALJ failed to address the lay witness statement of Barbara Anctil regarding Syzonenko's functional limitations.

### II. Lay Witness Statements

Raegen contends the ALJ improperly rejected the lay witness statements without giving adequate reasons. An ALJ must consider the testimony of a lay witness, but may discount it for reasons germane to the witness. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ's reasons must be supported by substantial evidence, but may appear anywhere in the decision and need not be tied directly to the evaluation of the lay witness statements. *Lewis*

*v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). If the ALJ gives adequate reasons for rejecting the testimony of one witness, those reasons are sufficient to reject the similar statements of a different lay witness, even if the ALJ does not discuss each witness's statements on an individualized basis. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

Rick Edmunds managed the grocery store where Syzonenko worked beginning in 2005. In July 2008, Edmunds submitted a witness statement indicating that Syzonenko worked as a courtesy clerk with duties limited to bagging groceries and collecting shopping carts from the parking lot. He said she had been hired under a program that Safeway maintains for challenged individuals. He believed Syzonenko had a mental condition that made her hear things in her head and left her unable to translate thoughts into actions. He said she had a slow affect and no sense of urgency. Edmunds said she required constant redirection to remain on task and missed work frequently resulting in great fluctuations in her hours. Admin. R. 648.

The ALJ gave Edmunds's witness statement little weight. Admin. R. 507. The ALJ pointed out that Syzonenko said she had no physical or mental difficulties with her work at Safeway, other than a period during which she was off work for a diabetic ulcer on her foot. Admin. R. 33-34, 503. The ALJ relied on mental health and primary care records which failed to reveal any treatment provider who found Syzonenko was unable to work or suffered the symptoms Edmunds described. Admin. R. 504, 507. While working at Safeway, Syzonenko did not mention to her mental health therapist any difficulty with that job and reported participating in church groups and planning to volunteer at care centers for the elderly and for children. Admin. R. 320, 322, 323, 325-26, 505, 506. She did not require mental health therapy between August 2006 and May 2008. Admin. R. 505.

The ALJ also relied on Syzonenko's performance evaluations from several direct supervisors at Safeway. During the relevant period, Syzonenko received consistently positive reviews describing her as a dependable employee who provided satisfactory service. Earlier evaluations mentioned a need for improvement in problem solving and product knowledge, but over time, Syzonenko improved in these areas. The performance evaluations do not support Edmunds's assertions that Syzonenko required special supervision or had a problem with absenteeism or unreliability. Admin. R. 506, 507, 702-10. The ALJ also found it significant that Syzonenko's performance reviews were done by supervisors other than Edmunds, suggesting limitations in his personal knowledge of her work performance. Admin. R. 507. I find no error in the ALJ's evaluation of Edmunds's lay witness statement.

Raegen next contends that the ALJ did not properly address her own statements about Syzonenko's work at Safeway. Raegen testified at the second hearing that Syzonenko had been hired out of pity and kept the job only because her supervisors accepted poor performance for which Syzonenko would have been fired anywhere else. Admin. R. 541. The ALJ discounted Raegen's statements about Syzonenko's work at Safeway in light of the treatment records and performance evaluations described previously. Admin. R. 507. It was reasonable for the ALJ to infer that Syzonenko's direct supervisors and treatment providers had better knowledge of the nature of the work and of Syzonenko's performance than Raegen. Accordingly, I find no error in the ALJ's evaluation of Raegen's testimony.

Raegen also contends the ALJ failed to consider the lay witness statements of Syzonenko's other sister, Barbara Anctil. In November 2005, Anctil provided a written witness statement. Admin. R. 134-41. In July 2008, she testified at Syzonenko's first administrative hearing. Admin.

R. 53-62. In the first administrative decision, the ALJ addressed Anctil's statements. He found them of less value than other evidence because Anctil did not live with Syzonenko, suggesting limited personal knowledge. The ALJ found that Syzonenko's treatment records suggested she had greater function than Anctil described. Admin. R. 15. Syzonenko did not challenge this finding in her appeal to the district court and Judge Brown did not address it in her remand order. Admin. R. 569-85. It is unclear to me that Raegen can properly raise this challenge at this juncture, having waived it in the previous appeal.

At any rate, the ALJ addressed Anctil's statements again in the decision after remand, giving the same reasons from the first decision. Admin. R. 506-07. Those reasons are supported by substantial evidence and provide an adequate basis to discount Anctil's statements. *Lewis v. Apfel*, 236 F.3d at 512. In addition, the ALJ's reasons for discounting the lay witness statements of Edmunds and Raegen are sufficient to reject the Anctil's similar statements regarding Synovenko's functional limitations. *Molina*, 674 F.3d at 1114. Accordingly, I find no error in the ALJ's evaluation of Anctil's lay witness statements.

### III.  Other Contentions

Raegen contends the ALJ failed to consider whether Syzonenko's work at Safeway was "sheltered work." Pl.'s Br. 13. Raegen argues that past work performed under special conditions accommodating a claimant's limitations cannot constitute substantial gainful activity. Pl.'s Br. 7-8. The premise is correct, but entirely beside the point because the ALJ did not find that the Safeway job constituted substantial gainful activity. Admin. R. 501, 509. The ALJ relied on the Safeway job to show that Syzonenko had the ability to do light unskilled work involving simple repetitive tasks such as bagging groceries, to work standing up, and to engage in appropriate interactions with

customers, supervisors, and coworkers. Admin. R. 504-07. The ALJ was entitled to consider the Safeway job in determining Syzonenko's abilities, whether or not it was "sheltered work." 20 C.F.R. § 404.1573(c).

Moreover, the ALJ's decision shows that he did consider whether the work at Safeway was "sheltered work." The nature of the job was adequately described by Syzonenko and the performance evaluations of her direct supervisors. That evidence does not show special conditions, continuous close supervision, or subsidized payment exceeding the value of the work Syzonenko performed. The ALJ reasonably concluded that the work was not "sheltered work" within the meaning of the regulations. 20 C.F.R. § 404.1573(b). Admin. R. 507.

Raegen contends the ALJ had an obligation to develop the record more fully regarding Syzonenko's employment at Safeway. An ALJ must develop the record more fully when the evidence is ambiguous or when the ALJ finds the record inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Circumstances requiring further development are not present here.

Finally, Raegen contends the ALJ improperly discounted Syzonenko's credibility based on her employment at Safeway. Pl.'s Br. 12, 14. The ALJ discounted Syzonenko's credibility for multiple reasons described in his first decision. On appeal, Judge Brown affirmed the credibility finding. Admin. R. 577-79. None of the new evidence received after remand provides any basis for revisiting Judge Brown's ruling, and Raegen's argument for doing so is unpersuasive.

///

///

///

-7- OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

DATED this 13th day of January, 2014.

Robert E. Jones, Senior Judge
United States District Court